UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

WISCONSIN LABORERS HEALTH FUND,
BUILDING AND PUBLIC WORKS LABORERS VACATION FUND,
WISCONSIN LABORERS APPRENTICESHIP AND TRAINING FUND,
WISCONSIN LABORERS-EMPLOYERS COOPERATION AND EDUCATION TRUST FUND,
WISCONSIN LABORERS DISTRICT COUNCIL,
BUILDING TRADES UNITED PENSION TRUST FUND,
KENT MILLER *in his capacity as Trustee*
and WILLIAM BONLENDER *in his capacity as Trustee*,

Plaintiffs,

Case No. 26-cv-223-pp

v.

ESI LTD. *d/b/a Environmental Solutions*
and CHELSEA DEVERAUX,

Defendants.

---

**ORDER GRANTING PLAINTIFFS' MOTION FOR ALTERNATE SERVICE (DKT. NO. 5)**

---

On February 10, 2026, the plaintiffs filed a complaint alleging that the defendants had violated the Employee Retirement Income Security Act and the Labor Management Relations Act. Dkt. No. 1. On March 9, 2026, the plaintiffs filed an amended complaint. Dkt. No. 3. On June 9, 2026, the court issued an order observing that no defendant had appeared or filed a responsive pleading to either complaint and that the plaintiffs had filed no proof of service; the court ordered the plaintiffs to file a report updating the court as to proposed next steps and set a deadline of June 19, 2026 for the plaintiffs to do so. Dkt. No. 4.

On June 19, 2036, the plaintiffs filed a motion for alternate service. Dkt. No. 5. The plaintiffs explain that they have made multiple attempts to serve defendant ESI through its agent, Chelsea Devereaux (also a defendant in this case), at the addresses listed on the Wisconsin Department of Financial Institutions website. Id. at ¶¶2–4. The invoices from the plaintiffs' process server show that he attempted to serve Devereux ten times at three separate addresses. Dkt. Nos. 6-3 through 6-6. During an attempt in May, a man at Devereux's purported address said that she would not accept service. Dkt. No. 6-6. The plaintiffs ask to serve defendant ESI by certified mail and defendant Devereux by publication and mail. Dkt. No. 5 at 4.

Federal Rule of Civil Procedure 4(m) states that if a plaintiff who has failed to serve the defendant within ninety days "shows good cause for the failure, the court must extend the time for service for an appropriate period." Rule 4(e)(1) requires a plaintiff to serve an individual using the methods allowed by state law in the state where the federal district is located.

Under Wisconsin law, a plaintiff must personally serve an individual defendant. Wis. Stat. §801.11(1)(a). But if "with reasonable diligence the defendant cannot be" personally served, a plaintiff may leave the summons at the defendant's "usual place of abode" with a "competent family member at least 14 years of age" or a "competent adult, residing in the abode[.]" Wis. Stat. §801.11(1)(b). If a plaintiff cannot with reasonable diligence comply with §801.11(1)(b), Wisconsin law allows service "by publication of the summons as a class 3 notice, under ch. 985, and by mailing." Wis. Stat. §801.11(1)(c).

Under Federal Rule of Civil Procedure 4(h), a plaintiff may serve a corporate defendant "in the manner prescribed by Rule 4(e)(1)." Fed. R. Civ. P. 4(h)(1)(A). Usually, Wisconsin requires plaintiffs to personally serve an officer,

director or managing agent of a corporate defendant. Wis. Stat. §801.11(5)(a). But if personal service isn't possible through reasonable diligence, Wisconsin allows plaintiffs to serve a corporate defendant "by publication of the summons as a class 3 notice, under ch. 985, and by mailing [to an officer, director, or managing agent's last known address]." Wis. Stat. §801.11(1)(c), (5)(b).

The plaintiffs have shown good cause for their failure to serve the defendants within ninety days. The plaintiffs' process server made numerous attempts to serve the defendants at three different locations over the course of three months. Dkt. Nos. 5–6. For the same reasons, the plaintiffs have shown that they have made diligent efforts to serve the defendants within the deadline. The court will extend the plaintiffs' time to serve the defendants. The court will allow the plaintiffs to serve Devereux by publication and mail under Wis. Stat. §801.11(1)(c) and will allow the plaintiffs to serve ESI by mailing under Wis. Stat. §801.11(1)(c) and (5)(b).

The court **GRANTS** the plaintiffs' motion for alternate service. Dkt. No. 5.

The court **ORDERS** that by the end of the day on **October 9, 2026**, the plaintiffs may serve defendant Devereux through mail and publication as described in Wisconsin Statute §801.11(1)(c).

The court **ORDERS** that by the end of the day on **October 9, 2026**, the plaintiffs may serve defendant ESI Ltd. through mail as described in Wisconsin Statute §801.11(1)(c) and (5)(b).

Dated in Milwaukee, Wisconsin this 7th day of August, 2026.

**BY THE COURT:**



**HON. PAMELA PEPPER**
**Chief United States District Judge**